Dear Representative Webb,
¶ 0 This office has received your request for an official Opinion addressing the following questions:
1. Does Subsection A of Section 3-104.4 of Title 70 of theOklahoma Statutes, which requires that the accreditationstandards adopted by the State Board of Education for the publicschools in the state be equal to or exceed the accreditationstandards promulgated by North Central Association of Collegesand Schools constitute a delegation of governmental power to anon-governmental entity?
2. If the answer to question #1 is yes, is the delegation ofpower unconstitutional?
¶ 1 The first inquiry is whether 70 O.S. 1991, § 3-104.4[70-3-104.4](A) is a delegation of power to a non-governmental entity. A review of this statute under appropriate judicial authority demonstrates that the answer to this question is no, thus rendering an answer to your second question unnecessary.
¶ 2 The relevant portion of the statute provides:
 On or before February 1, 1991, the State Board of Education shall adopt standards for the accreditation of the public schools in this state according to the requirements of this act, to be effective as set forth in this act. The accreditation standards shall incorporate the curricular standards established pursuant to Section 6 of this act for implementation with the 1993-94 school year; provided, no school shall be denied accreditation or have accreditation withdrawn prior to the 1997-98 school year solely for failure to fully implement the curricular standards. The accreditation standards shall equal or exceed the accreditation standards for schools promulgated by the North Central Association of Colleges and Schools to the extent that such standards are consistent with an outcome-oriented approach to accreditation and to the extent the standards do not conflict with state statute. The accreditation adopted by the State Board shall encompass accreditation for elementary schools, middle schools, junior high schools, and high schools. Such accreditation standards shall be made available for public inspection at the offices of the State Department of Education.
70 O.S. 1991, § 3-104.4[70-3-104.4](A) (emphasis added).
¶ 3 This statute makes a delegation of power from the Legislature to the State Board of Education ("Board of Education") to adopt standards for accreditation of public schools. Reference to the standards used by the North Central Association of Colleges and Schools ("North Central") provides a yardstick for the Board of Education to use. Additionally, the statute contains the explicit provision that any standards adopted must not conflict with state law.
¶ 4 By its action in setting the North Central standards as the minimum standards to be met, the Legislature has exercised its power to enact laws.
 It is well settled in this jurisdiction that the power to determine the policy of the law is primarily legislative and cannot be delegated, whereas the power to make rules of a subordinate character in order to carry out that policy and apply it to varying conditions. . . . The general rule is that if the statute involved lays down the policy of the Legislature and establishes a standard or guideline for administrative action, the delegation is proper.
State v. Parham, 412 P.2d 142, 150 (Okla. 1966) (emphasis added).
 Clearly the legislative body must declare the policy of the law and fix some kind of legal principles
which are to control in given cases. It must provide an adequate yardstick for the guidance of the executive or administrative body. . . .
Id. at 151 (emphasis added) (citation omitted).
¶ 5 The Legislature has, in effect, simply chosen to incorporate by reference the North Central standards as minimums rather than detailing the standards in the statute.
¶ 6 This methodology, while apparently never addressed by an Oklahoma Supreme Court, has been accepted by courts of other jurisdictions when questioned whether reference to the standards of a non-governmental agency is an appropriate method of the exercise of legislative power. The Colorado Supreme Court, enbanc, addressed a question similar to the one posed here.Colorado Polytechnic College v. State Board for CommunityColleges and Occupational Education, 476 P.2d 38 (Colo. 1970). In that case the court was faced with the question whether the state could utilize the accrediting standards of the North Central Association of Colleges and Schools to determine how to measure credits from a private college for transfer to a public college. The court, after taking judicial notice that "recognized accrediting associations, such as are delineated in the statute in question, have become an integral part of the secondary education systems in America," Id. at 42, held that reliance on the North Central Standards was not an impermissible delegation of power. The court stated:
 Necessity fixes a point beyond which it is unreasonable and impracticable to compel the legislature to prescribe detailed rules for the purpose of avoiding an unconstitutional delegation of authority. We deem it sufficient in the instant case that the legislature clearly delineated a general policy, as was done in the act under consideration.
Id.
¶ 7 In People v. Barksdale, 503 P.2d 257, 269 (Cal. 1972), the California Supreme Court reached the same conclusion in examining the propriety of the use of certain private accrediting standards for hospitals. The court, citing the Colorado decision noted above, held that reliance upon the standards of the Joint Commission on the Accreditation of Hospitals to accredit hospitals in which abortions were performed was not an impermissible delegation of power as long as the reliance was "neither arbitrary, unreasonable, nor discriminatory." Id.
¶ 8 The logic articulated in the cases noted above is persuasive. The reference to the North Central standards serves as a permissible legislative yardstick for the Board of Education. Simply because the Legislature has chosen not to detail those standards in the legislation, this does not equate to a delegation of power to North Central.
¶ 9 Moreover, the Legislature may choose to change that reference at any time, substituting another accrediting agency or providing its own statement of the law as a yardstick for the Board of Education. The statute itself commands that any provision adopted by the Board of Education not be in conflict with state law, thus retaining the traditional power of the Legislature to establish the policy of the law as mandated inState v. Parham, 412 P.2d at 150-151.
¶ 10 Finally, this incorporation by reference is a method often used by the Legislature to give administrative agencies and local governments the guidelines by which their actions must be measured. See, e.g. 19 O.S. 1991 § 863.39[19-863.39] (in which the Legislature has determined that when an electrical code of a city contains no specific standards, the state statutes "and conformity with the regulations set forth in the Current National Electrical Code" shall be used to determine standards of safety).
¶ 11 This method of incorporation has also been utilized by the legislative and judicial branches of another state with a finding that there has been no inappropriate delegation of power. Cooperv. Gwinn, 298 S.E.2d 791, 795, n. 6. (W.Va. 1982). While applying standards of a corrections accrediting group as minimum standards in the operation of certain West Virginia corrections programs, the court, citing various national electrical and fire codes stated, "This is not the first instance in which standards promulgated by foreign non-governmental entities have been incorporated by reference into West Virginia statutory law."
¶ 12 It is, therefore, the official Opinion of the AttorneyGeneral that:
Based upon the Constitutional authority of the Legislature toprescribe particular standards as a part of its legislativefunction as well as the recognized judicial interpretation thatsuch standards may be incorporated by reference to recognizednon-governmental standards:
1. Subsection A of 70 O.S. 1991, § 3-104.4[70-3-104.4] does notconstitute a delegation of power to a non-governmental agency.
2. Having answered the first question "no," the second questionneed not be addressed.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
GRETCHEN GROVER HARRIS ASSISTANT ATTORNEY GENERAL